## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

ZEN GOZIKER,

        *Plaintiff*,

    v.

U.S. DEPARTMENT OF JUSTICE, *et al.*,

        *Defendants*.

Civil Action No. 24 - 619 (LLA)

## MEMORANDUM OPINION

Zen Goziker, an American citizen residing in California, brought this suit against the U.S. Department of Justice ("DOJ") and Pamela Jo Bondi, in her official capacity as Attorney General of the United States[1] ("Government Defendants") and private Defendants ByteDance Ltd., ByteDance Inc., TikTok Inc., TikTok Pte. Ltd., TikTok Ltd., Shou Zi Chew, William E. Ford, Phillippe Laffont, Arthur Dantchik, and John Does 1-20 ("Non-Government Defendants"). He seeks relief under the Federal Tort Claims Act ("FTCA"), 28 U.S.C. § 2671 *et seq.*; the federal criminal conspiracy statute, 18 U.S.C. § 241; the Privacy Act, 5 U.S.C. § 552a(b); and the Foreign Intelligence Surveillance Act ("FISA"), 50 U.S.C. § 1801 *et seq.* ECF No. 5 ¶¶ 219-45. Mr. Goziker alleges that, over the course of a year-and-a-half during his employment at ByteDance and its affiliate, TikTok, Defendants conspired to silence and wrongfully terminate him. ECF No. 5 ¶ 197. The Government Defendants and Non-Government Defendants separately move to

---

[1] While Mr. Goziker named former Attorney General Merrick B. Garland as a defendant, Attorney General Bondi is "automatically substituted" as a party under Federal Rule of Civil Procedure 25(d).

dismiss the complaint.  ECF Nos. 16, 21.  For the reasons explained below, the court will grant both motions and dismiss the case.

## I.    FACTUAL BACKGROUND

The following factual allegations drawn from Mr. Goziker's amended complaint, ECF No. 5, are accepted as true for the purpose of evaluating the motion before the court, *Jerome Stevens Pharms., Inc. v. Food & Drug Admin.*, 402 F.3d 1249, 1250 (D.C. Cir. 2005).

In August 2021, Mr. Goziker began working at ByteDance as the "Risk Manager, Head of Control and Governance," in charge of risk management, oversight, and final "sign off" responsibilities for "Project Texas," the name of a compliance plan for Executive Order 14,034. ECF No. 5 ¶¶ 39-41, 46.[2]  From his first week in this role, he began receiving concerning reports about the status of Project Texas and was told that the Non-Government Defendants were setting him "up for failure."  *Id.* ¶¶ 41, 44-45.  Mr. Goziker alleges that, by October 2021, Mark Yeh, Senior Director of Operations, was "grooming" him to sign off on documents pertaining to Project Texas without proper validation.  *Id.* ¶ 69.  In response, Mr. Goziker tried to escalate his concerns about Project Texas internally to ByteDance's legal team and other senior officials between December 2021 and January 2022.  *Id.* ¶¶ 92, 128-29.

In September 2021, Mr. Goziker also began reaching out to the Federal Bureau of Investigation ("FBI") and the DOJ to report his concerns about Project Texas.  *Id.* ¶ 52.  By the end of the month, he suspected that he was being digitally and physically surveilled by both TikTok

---

[2] Former President Joseph R. Biden, Jr. issued Executive Order 14,034, titled "Protecting Americans' Sensitive Data From Foreign Adversaries," in June 2021.  Exec. Order 14,034, 86 Fed. Reg. 31,423 (June 9, 2021).  The order sought to address potential risks from software and data-collection programs controlled by foreign adversaries and instructed various federal agencies to provide recommendations on how to protect against information-security threats.  *Id.*

and the FBI. *Id.* ¶¶ 56, 91, 103. Despite this, he continued to report his concerns about Project Texas and TikTok's compliance with Executive Order 14,034 to the FBI. *Id.* ¶ 87. At some point after these communications, Mr. Goziker's apartment in Los Angeles "was illegally accessed," potentially in an effort to acquire "the highly confidential materials" that were inside. *Id.* ¶ 103. Mr. Goziker reported the break-in and suspected surveillance to TikTok's and ByteDance's internal legal and security departments. *Id.* ¶¶ 109-10. In response, TikTok staff suggested to Mr. Goziker that the FBI might be responsible for the surveillance. *Id.* ¶ 112.

In November 2021, senior TikTok employees learned about Mr. Goziker's attempts to contact the federal government and stopped "trust[ing]" him. *Id.* ¶ 89. In February 2022, TikTok's Head of Trust and Safety, Eric Han, and Mr. Yeh asked Mr. Goziker to stop his risk management escalations for Project Texas. *Id.* ¶ 131. When Mr. Goziker refused, they placed him on paid administrative leave. *Id.* ¶ 132-33. Around the same time, Mr. Goziker reached out to Marc Arvanitis, TikTok's Head of Ethics, to schedule a meeting in the hopes of initiating an "Ethics Escalation process." *Id.* ¶ 135. Because Mr. Goziker was placed on administrative leave, this meeting never occurred. *Id.* ¶ 136. After Mr. Goziker subsequently attempted to contact Mr. Arvanitis using his personal email, an alleged TikTok representative contacted Mr. Goziker to terminate his employment. *Id.* ¶¶ 142-43, 146.

In April 2022, Mr. Goziker traveled to Ukraine and several other countries. *Id.* ¶ 141. During that time, Mr. Goziker reported additional attempts at physical surveillance to the British police, the American Consulate in Barcelona, and the American Embassy in Belgium. *Id.* ¶¶ 155-56. Throughout 2023, Mr. Goziker was allegedly the target of further surveillance and other incidents, including purported wiretaps, apartment break-ins, and tampering with his personal property. *Id.* ¶¶ 186-91.

In December 2022 and February 2023, Mr. Goziker filed a retaliation complaint with California's Department of Industrial Relations and a whistleblower retaliation complaint with the federal Occupational Safety and Health Administration ("OSHA"), respectively. *Id.* ¶¶ 215-16.[3] OSHA declined to pursue the complaint further because it "failed to meet the criteria for investigation." *Id.* ¶ 216. In July 2023, Mr. Goziker submitted an FTCA claim to the DOJ, which was denied in September 2023. *Id.* ¶ 217. In January 2024, Mr. Goziker filed a wrongful termination suit in the Superior Court of California against several of the Non-Government Defendants, which has been stayed but remains pending. *Id.* ¶ 218; ECF No. 16-1, at 5.

## II.    PROCEDURAL HISTORY

In March 2024, Mr. Goziker sued the DOJ, the U.S. Department of Homeland Security, the Office of the Director of National Intelligence, and each of their principal officers (Attorney General Merrick B. Garland, Secretary of State Alejandro N. Mayorkas, and Director of National Intelligence Avril Haines), under the FTCA (Count I); the federal criminal conspiracy statute, 18 U.S.C. § 241 (Count II); the Privacy Act, 5 U.S.C. § 552a(b) (Count III); and Section 702 of the FISA, 50 U.S.C. § 1881 (Count IV). ECF No. 1 ¶¶ 67-92. In August 2024, Mr. Goziker amended his complaint to add the Non-Government Defendants. ECF No. 5 ¶¶ 219-45. Shortly thereafter, Mr. Goziker voluntarily dismissed the Department of Homeland Security, Office of the Director of National Intelligence, Secretary Mayorkas, and Director Haines, leaving the DOJ and then-Attorney General Garland, now-Attorney General Bondi, as the only remaining Government Defendants. ECF No. 7.

---

[3] Mr. Goziker does not explain what became of the complaint he filed with the California Department of Industrial Relations.

In his amended complaint, Mr. Goziker alleges that the Government Defendants and Non-Government Defendants "organized a manhunt against [him] to force his silence" and, when he persisted in speaking up, they "attempted to rid him of his rightful employment, income, and invaded his privacy." ECF No. 5 ¶ 197.  In reference to the DOJ in particular, Mr. Goziker claims that the Department "knowingly and maliciously violated Section 702 to obtain a FISA court order" against him.  *Id.* ¶ 207.  He further alleges that his wrongful termination was orchestrated by "law enforcement colleagues" as a result of the DOJ's surveillance.  *Id.* ¶¶ 208-09.  He seeks $21,100,000 in damages, as well as restitution for lost wages and recovery for executive compensation on future earnings and stock options.  *Id.* at 80.  Mr. Goziker also seeks to be reinstated to the position of Risk Manager at ByteDance.  *Id.*

In December 2024, the Non-Government Defendants moved to dismiss under Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6), ECF No. 16, and the Government Defendants filed their own motion to dismiss on the same bases soon thereafter, ECF No. 21.  Both motions are fully briefed, ECF Nos. 16, 17, 18, 21, 24, 25.

### III.    LEGAL STANDARDS

"Federal courts are courts of limited jurisdiction," and it is generally presumed that "a cause lies outside [of] this limited jurisdiction."  *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994).  Under Federal Rule of Civil Procedure 12(b)(1), the court must dismiss an action unless the plaintiff can establish, by a preponderance of the evidence, that the court possesses subject-matter jurisdiction.  *Green v. Stuyvesant*, 505 F. Supp. 2d 176, 177-78 (D.D.C. 2007).  In reviewing such a motion, the court "is not limited to the allegations set forth in the complaint" and "'may consider materials outside the pleadings.'"  *Morrow v. United States*, 723 F. Supp. 2d 71, 76 (D.D.C. 2010) (quoting *Jerome Stevens Pharms.*, 402 F.3d at 1253).  Additionally, when reviewing

a motion to dismiss pursuant to Rule 12(b)(1), the court is required to "assume the truth of all material factual allegations in the complaint and 'construe the complaint liberally, granting plaintiff the benefit of all inferences that can be derived from the facts alleged.'" *Am. Nat'l Ins. Co. v. Fed. Deposit Ins. Corp.*, 642 F.3d 1137, 1139 (D.C. Cir. 2011) (quoting *Thomas v. Principi*, 394 F.3d 970, 972 (D.C. Cir. 2005)).

Under Rule 12(b)(6), the court will dismiss a complaint that does not "contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* In evaluating a motion under Rule 12(b)(6), a court accepts all well-pleaded factual allegations in the complaint as true. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *see also Atherton v. D.C. Off. of the Mayor*, 567 F.3d 672, 681 (D.C. Cir. 2009). Although the plausibility standard does not require "detailed factual allegations," it "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555. Nor will "'naked assertion[s]' devoid of 'further factual enhancement'" suffice. *Iqbal*, 556 U.S. at 678 (alteration in original) (quoting *Twombly*, 550 U.S. at 557).

## IV.    DISCUSSION

### A.    Non-Government Defendants

The Non-Government Defendants principally argue that Mr. Goziker's amended complaint must be dismissed because "none of the statutory provisions under which he sues affords a private right of action for claims against private parties." ECF No. 16-1, at 6. Mr. Goziker does not dispute this. *See generally* ECF No. 17. Instead, in his opposition, he asks the court to grant leave

to amend his complaint and add additional claims relating to whistleblower retaliation.  ECF No. 17-1 ¶ 2; ECF No. 18, at 1.  As a result, this court will treat Mr. Goziker's claims under the FTCA, the criminal conspiracy statute, the Privacy Act, and Section 702 of the FISA as conceded.  *See Hopkins v. Women's Div., Gen. Bd. of Glob. Ministries*, 284 F. Supp. 2d 15, 25 (D.D.C. 2003) ("It is well understood in this Circuit that when a plaintiff files an opposition to a dispositive motion and addresses only certain arguments raised by the defendant, a court may treat those arguments that the plaintiff failed to address as conceded.").

Even if Mr. Goziker had contested the Non-Government Defendants' private-right-of-action arguments in his opposition, he would not have prevailed because none of the statutory provisions that Mr. Goziker relies on in his amended complaint gives a plaintiff the right to bring a civil suit against a private entity.  Dismissal would thus be warranted under Rule 12(b)(6).  *See Mehrbach v. Citibank, N.A.*, 316 F. Supp. 3d 264, 271 (D.D.C. 2018) (dismissing for failure to state a claim under Rule (12)(b)(6) when the law did not provide a private cause of action); *Lee-Thomas v. LabCorp*, 316 F. Supp. 3d 471, 474 (D.D.C. 2018) (same).

To begin, the FTCA designates only the federal government as a suitable defendant. 28 U.S.C. § 2674 ("The *United States* shall be liable, respecting the provisions of this title relating to tort claims, in the same manner and to the same extent as a private individual under like circumstances, but shall not be liable for interest prior to judgment or for punitive damages." (emphasis added)).  Accordingly, courts in this district have consistently explained that the United States is the "only proper party defendant" in a case arising under the FTCA.  *Welsh v. Hagler*, 83 F. Supp. 3d 212, 223 (D.D.C. 2015) (quoting *Cureton v. U.S. Marshal Serv.*, 322 F. Supp. 2d 23, 25 n.4 (D.D.C. 2004)).  The same is true of Mr. Goziker's Privacy Act claim, because such a claim can only be brought against a federal agency.  *Bailey v. Fulwood*, 780 F. Supp. 2d 20, 27

(D.D.C. 2011) ("The only proper defendant in an action under the Privacy Act 'is the agency maintaining the challenged record.'" (quoting *Ingram v. Gonzales*, 501 F. Supp. 2d 180, 185 n.2 (D.D.C. 2007))).

Turning to Mr. Goziker's attempt to bring a civil suit under the federal criminal conspiracy statute, 18 U.S.C. § 241, it is well-settled law that "a criminal statute . . . provides no basis for an individual to bring a private, civil action." *Boling v. U.S. Parole Comm'n*, 290 F. Supp. 3d 37, 46 (D.D.C. 2017) (quoting *Jackson v. Donovan*, 856 F. Supp. 2d 147, 149 (D.D.C. 2012)). For similar reasons, Mr. Goziker cannot bring a claim against the Non-Government Defendants under Section 702 of the FISA. Section 702 "allows the Attorney General and the Director of National Intelligence to acquire foreign intelligence information by jointly authorizing the surveillance of individuals who are not 'United States persons' and are reasonably believed to be located outside the United States." *Clapper v. Amnesty Int'l USA*, 568 U.S. 398, 401 (2013) (footnote omitted). The Non-Government Defendants are correct in noting that Section 702 does not create a private right of action and that Mr. Goziker fails to rely on the provisions of the FISA that *do* create a cause of action in federal court. ECF No. 16-1, at 9-10; *see Am. C.L. Union Found. of S. Cal. v. Barr*, 952 F.2d 457, 469 (D.C. Cir. 1991) ("No provision in FISA authorizes private actions in the federal district courts to enjoin surveillance on the basis of statutory violations.").[4]

---

[4] Additionally, Mr. Goziker has been engaged in arbitration with the Non-Government Defendants since February 2024, pursuant to the terms of his employment contract. *See* ECF No. 16-1, at 5; ECF No. 16-3, at 11-14. Ordinarily, the court would stay these proceedings to allow arbitration to run its course. But where there is an independent basis for dismissal, as is the case here, the court may proceed to dismiss the complaint. *See Smith v. Spizzirri*, 601 U.S. 472, 476 n.2 (2024) (explaining that a court is *not* barred from dismissing a case that would otherwise be arbitrable "if there is a separate reason to dismiss, unrelated to the fact that an issue in the case is subject to arbitration").

Accordingly, the court will dismiss Mr. Goziker's claims against the Non-Government Defendants for failure to state a claim upon which relief can be granted.

\*        \*        \*

As noted, rather than responding to the Non-Government Defendants' motion on its merits, Mr. Goziker requests leave to file an amended complaint alleging "whistleblower retaliation" against the Non-Government Defendants. ECF No. 17-1, at 1. As a threshold matter, Mr. Goziker may not request leave to amend in an opposition brief. *See, e.g.*, *Strum v. Mardam-Bey*, No. 24-CV-401 2025 WL 405120, at \*11 (D.D.C. Feb. 4, 2025) ("'[A]n opposition brief' is not 'the proper place to request leave to amend a complaint.'" (quoting *Lamb v. Bureau of Alcohol, Tobacco, Firearms & Explosives*, No. 20-CV-3036, 2022 WL 203433, at \*7 (D.D.C. Jan. 24, 2022))). Such a request "must be submitted in the form of a written motion, and . . . must state with particularity the grounds for seeking the order and state the relief sought." *Trudel v. SunTrust Bank*, 924 F.3d 1281, 1287 (D.C. Cir. 2019) (quoting *Benoit v. U.S. Dep't of Agric.*, 608 F.3d 17, 21 (D.C. Cir. 2010)). It must also be accompanied by "an original of the proposed pleading as amended." *Van der Werf v. Nat'l Park Serv.*, No. 24-CV-639, 2025 WL 579704, at \*3 n.2 (D.D.C. Feb. 21, 2025) (quoting D.D.C. Local Civ. R. 7(i)). Mr. Goziker's failure to comply with these basic requirements is a sufficient basis to deny his request.

### B.        Government Defendants

The Government Defendants argue that the court lacks subject-matter jurisdiction over most of Mr. Goziker's claims and because he has failed to state a claim on which relief can be granted for others. ECF No. 21, at 1-2 (invoking Rule 12(b)(6)), 4-5 (invoking Rule 12(b)(1)). Much like his response to the Non-Government Defendants, Mr. Goziker fails to dispute the Government Defendants' substantive arguments. *See* ECF Nos. 24, 24-1; ECF No. 25, at 2. Under

the reasoning discussed above, *see supra* Part IV.A, this court will treat the Government Defendants' arguments as conceded.[5]  *See Hopkins*, 284 F. Supp. 2d at 25; *Magritz v. Ozaukee County*, 894 F. Supp. 2d 34, 39 n.3 (D.D.C. 2012) (treating the plaintiff's failure to respond to the defendants' lack-of-subject-matter-jurisdiction argument as a concession of those arguments).

### 1.    Rule 12(b)(1)

Even assuming that Mr. Goziker had contested the Government Defendants' claims, his arguments would fail because this court lacks subject-matter jurisdiction over his FTCA and FISA claims against the Government Defendants.

First, in Count I, Mr. Goziker attempts to bring an FTCA claim against the Government Defendants on the basis that the DOJ caused damage to him through its "[n]egligence and wrongful acts with omission of the risk-reporting required by the Executive Order 14034 on the part of federal employees."  ECF No. 5 ¶ 227.  The Government Defendants respond that the court lacks subject-matter jurisdiction over Mr. Goziker's FTCA claim because the United States has not waived its sovereign immunity for claims that have no local law equivalent.  ECF No. 21, at 5-6. The court agrees with the Government Defendants.

"Violations of federal law—when not accompanied by any local law violation—cannot support a suit under the FTCA."  *Hornbeck Offshore Transp., LLC v. United States*, 569 F.3d 506, 508 (D.C. Cir. 2009).  This is because the FTCA only "waives sovereign immunity for acts of

---

[5] Instead of responding to the Government Defendant's arguments, Mr. Goziker asserts that the Government Defendants' response was untimely.  ECF No. 24-1 ¶¶ 2-3.  Not so.  The court's docket reflects that the Government Defendants were served on November 19, 2024, making their response due sixty days thereafter.  ECF No. 15.  Because that date—January 18, 2025—fell on a Saturday, and because January 20, 2025 was a federal holiday, the Government Defendants' response was due on January 21, 2025.  *See* Fed. R. Civ. P. 6(a)(1)(C).  The Government Defendants timely filed their motion on that date.  ECF No. 21.

government officers which, if they were private non-government employees, would be recognized under state law as tortious." *Appleton v. United States*, 180 F. Supp. 2d 177, 184 (D.D.C. 2002). Accordingly, to advance a theory of negligence under the FTCA, the plaintiff must show that "circumstances giving rise to Plaintiff's claim of negligence [are] analogous to events or circumstances which, if the Defendant were a private entity[,] would give rise to a tort claim and liability under District of Columbia statutory or decisional law." *Id.*

Mr. Goziker bases his FTCA claim on the Government Defendants' alleged non-compliance with Executive Order 14,034. ECF No. 5 ¶ 227. Executive Order 14,034, however, does not create tort liability under local law because it does not create any common-law duty. Indeed, Executive Order 14,034 expressly states that it "is not intended to, and does not, create any right or benefit, substantive or procedural, enforceable at law or in equity by any party against the United States, its departments, agencies, or entities, its officers, employees, or agents, or any other person." Exec. Order No. 14,034, 86 Fed. Reg. 31423, 31426 (Jun. 9, 2021). Accordingly, the United States has not waived its sovereign immunity for Mr. Goziker's FTCA claim and the court must dismiss it for lack of jurisdiction.

In Count IV, Mr. Goziker asserts that the Government Defendants violated Section 702 of the FISA by manipulating the Foreign Intelligence Surveillance Court ("FISC") into improperly granting surveillance of him and disclosing that information to other federal agencies. ECF No. 5 ¶ 239. The Government Defendants respond by saying that Mr. Goziker has failed to exhaust his administrative remedies under the FTCA to bring a claim under the FISA. ECF No. 21, at 9. Although the FISA provides a private right of action to "[a]ny person who is aggrieved by any willful violation," a plaintiff can only sue after exhausting his remedies by "present[ing] [the claim] to the appropriate department or agency under the procedures of the Federal Tort Claims

Act." 18 U.S.C. § 2712(a), (b); *see McNeil v. United States*, 508 U.S. 106, 113 (1993) ("The FTCA bars claimants from bringing suit in federal court until they have exhausted their administrative remedies."). Failure to exhaust administrative remedies under the FTCA deprives the court of subject-matter jurisdiction. *See, e.g.*, *Edwards v. District of Columbia*, 616 F. Supp. 2d 112, 116 (D.D.C. 2009).

To exhaust his administrative remedies, a claimant must present the relevant agency with "(1) a written statement sufficiently describing the injury to enable the agency to begin its own investigation, and (2) a sum-certain damages claim." *GAF Corp. v. United States*, 818 F.2d 901, 919 (D.C. Cir. 1987); *see* 28 U.S.C. § 2675(a). While Mr. Goziker filed a written complaint with the DOJ in July 2023, the DOJ correctly points out that his administrative complaint did not include a claim under the FISA. *See* ECF No. 1, at 51-52; ECF No. 21, at 8 (citing ECF No. 1, at 51-52); *see also* ECF No. 24-6, at 1. By failing to specify the precise nature of the alleged injury, Mr. Goziker did not "provide sufficient 'notice' of the claim[] to 'enable the agency to investigate and ascertain the strength of [the] claim.'" *Murphy v. United States*, 121 F. Supp. 2d 21, 27 (D.D.C. 2000) (quoting *GAF Corp.*, 818 F.2d at 919). The court therefore lacks jurisdiction to entertain Mr. Goziker's FISA claim under the FTCA.[6]

## 2.    Rule 12(b)(6)

Mr. Goziker's second and third claims are that the Government Defendants violated the federal criminal conspiracy statute, 18 U.S.C. § 241, and the Privacy Act, respectively. On both counts, Mr. Goziker fails to state a claim upon which relief can be granted.

---

[6] While Mr. Goziker's failure to exhaust his administrative remedies under the FTCA deprives the court of subject-matter jurisdiction over his claim under Section 702 of the FISA, the claim would also fail on the merits because Section 702 creates no private cause of action. *See supra* Part IV.A.

In Count II, Mr. Goziker alleges that the Government Defendants (as well as the Non-Government Defendants, *see supra* Part IV.A) conspired to conceal information he had uncovered in the course of his employment and to subsequently fire him.  ECF No. 5 ¶¶ 232-33.  As explained, Section 241 is a criminal statute that does not provide a basis for an individual to bring a private, civil action.  *See Jackson*, 856 F. Supp. 2d at 149; *Alexander v. Wash. Gas Light Co.*, 481 F. Supp. 2d 16, 32 (D.D.C. 2006).  This claim must therefore be dismissed under Rule 12(b)(6).

In Count III, Mr. Goziker contends that the Government Defendants violated the Privacy Act by manipulating the FISC and improperly disclosing information it collected.  ECF No. 5 ¶ 239.  The Government Defendants respond that Mr. Goziker has failed to plead facts showing that he suffered damages under the Privacy Act.  ECF No. 21, at 7.  The court again agrees with the Government Defendants.

To obtain relief under the Privacy Act, a plaintiff "must establish that (1) the agency violated a provision of the Act, (2) the violation was 'intentional or willful', and (3) the violation had an 'adverse effect' on the plaintiff."  *Maydak v. United States*, 630 F.3d 166, 178 (D.C. Cir. 2010) (citations omitted) (quoting 5 U.S.C. § 552a(g)).  The plaintiff must also show actual damages.  *See Doe v. Chao*, 540 U.S. 614, 620 (2004).  To do so, he needs to present "calculable damages" "stemming" from the incident.  *Welborn v. Internal Revenue Serv.*, 218 F. Supp. 3d 64, 82 (D.D.C. 2016); *see Fed. Aviation Admin. v. Cooper*, 566 U.S. 284, 295-98 (2012) (holding that damages under the Privacy Act may only be collected for "actual damages," which require a showing of proven pecuniary loss).

Although Mr. Goziker broadly alleges that he "suffered and continues to suffer substantial losses in earnings and other employment benefits," his complaint does not include a specific,

calculable damages figure to establish a Privacy Act claim.  ECF No. 5 ¶ 243.  Without such specificity, the court must dismiss this claim under Rule 12(b)(6).  *See Biden v. U.S. Internal Revenue Serv.*, 752 F. Supp. 3d 97, 111 (D.D.C. 2024).

### V.    CONCLUSION

For the foregoing reasons, the court will grant the Non-Government Defendants' and the Government Defendants' motions to dismiss, ECF Nos. 16, 21.  A contemporaneous order will issue.

_____
LOREN L. ALIKHAN
United States District Judge

Date:   August 5, 2025

14